CHAMBERS OF
BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288

November 18, 2015

Vincent J. Piazza, Esq.
The Disability Law Center
6716 Harford Rd
Baltimore, MD 21234

Benjamin B. Prevas
Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard
Room 617
Baltimore, MD 21235

Subject: Robin Foster v. Carolyn Colvin, Acting Commissioner, Social Security
Civil No.: BPG-15-298

Dear Counsel:

Pending before this court, by the Parties' consent (ECF Nos. 7, 16), are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 15) and Defendant's Motion for Summary Judgment ("Defendant's Motion") (ECF No. 18). The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. For the reasons noted below, Plaintiff's Motion (ECF No. 15) is granted in part and denied in part, Defendant's Motion (ECF No. 18) is denied, the Commissioner's denial of benefits is vacated, and the case is remanded for further proceedings consistent with this opinion.

I. **Background**

On April 7, 2011, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, and a Title XVI application for supplemental security income, both alleging disability beginning on April 30, 2009. (R. at 12.) Her claim was denied initially on August 18, 2011, and on reconsideration on December 5, 2011. (Id.) After a video hearing held on August 7, 2013, an Administrative Law Judge ("the ALJ") issued a decision on August 28, 2013 denying benefits based on a determination that Plaintiff was not disabled. (R. at 12-22.)

The ALJ found that Plaintiff had the following severe impairments: fibromyalgia, depression, anxiety, and chronic obstructive pulmonary disease. (R. at 14.) Despite these impairments, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment in 20 C.F.R. § 404, Subpart P, Appendix 1. (R. at 15.) The ALJ concluded that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a), except that she: (1) must avoid exposure to excessive smoke, dust, and fumes; (2) is limited to performing simple, repetitive tasks; and (3) must avoid close interaction with the general public. (R. at 17-20.)

The Appeals Council denied Plaintiff's request for review on December 7, 2014, making

the ALJ's opinion the final and reviewable decision of the Commissioner. (Pl.'s Mot. at 2, ECF No. 15.) Plaintiff challenges the Commissioner's decision on three grounds. First, Plaintiff argues that the ALJ failed to follow the treating physician rule and, thus, improperly evaluated the medical opinion evidence presented. Second, Plaintiff argues that the ALJ failed to conduct a function-by-function analysis in determining Plaintiff's mental RFC. Finally, Plaintiff claims that the ALJ erred by not addressing in the RFC assessment Plaintiff's "moderate difficulties" in concentration, persistence, or pace, as required by the Fourth Circuit's decision in Mascio v. Colvin, 780 F. 3d 632 (4th Cir. 2015).

## II. Discussion

First, Plaintiff argues that the ALJ erred by failing to follow the treating physician rule as to the opinions of three of Plaintiff's treatment providers: her psychiatrist Dr. Helsel; her psychologist Dr. Whitten; and her primary care physician Dr. Higgs-Shipman. (Pl.'s Mot. at 9.) Under the treating physician rule, the ALJ must generally give more weight to a treating physician's opinion. See 20 C.F.R. § 404.1527(c)(2). Where a treating physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, however, it should be afforded significantly less weight. Craig, 76 F.3d at 590. Moreover, the ALJ is never required to give controlling weight to a treating physician's opinion on the ultimate issue of disability. 20 C.F.R. § 404.1527(d)(1). If a treating source's opinion is not given controlling weight, the ALJ must consider the following factors in deciding what weight to give the opinion: the length and frequency of treatment relationship, the nature and extent of treatment relationship, supportability, consistency, specialization, and any other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1-6). An ALJ need not apply these factors in a mechanical fashion, so long as the ALJ articulates the reasoning behind the weight accorded to the opinion. Carter v. Astrue, No. CBD-10-1882, 2011 WL 3273060, at *6 (D. Md. July 27, 2011). In applying these factors, "[i]t is entirely appropriate for an ALJ to consider a discrepancy between a treating physician's opinion and the provision of conservative treatment to address a condition." Norris v. Comm'r, Soc. Sec., No. CIV. WDQ-13-2426, 2014 WL 2612367, at *4 (D. Md. June 9, 2014).

In reaching his mental RFC assessment, the ALJ reviewed the treatment records of Dr. David Helsel, Plaintiff's psychiatrist, and Dr. Durwood Whitten, Plaintiff's psychologist. In his analysis, the ALJ explained that Dr. Helsel and Dr. Whitten's "assessments are given little weight because it [sic] is inconsistent with the mild mental status examination findings from Dr. Helsel's and Dr. Whitten's own treatment notes and with the conservative level of treatment (Exhibits 3F, 6F, and 14F)." (R. at 20.)

The record reflects that the inconsistencies identified by the ALJ are supported by substantial evidence. In Plaintiff's Medical Assessment Report, dated October 11, 2011, Dr. Helsel opined that Plaintiff "is irritable, cries spontaneously without provocation, easily distracted, low energy" and that Plaintiff would be unable to withstand the stress and pressures of a competitive work environment. (Ex. 11F, R. at 305.) Yet, Dr. Helsel's treatment notes from that same day state that: Plaintiff's psychomotor activity is normal; her "speech is clear, coherent and goal-directed;" her "mood is described by patient as fine;" "Thoughts are spontaneous and appropriate;" her "Behavior was cooperative." (Ex. 6F, R. at 293.)

Similarly, Dr. Whitten opined in Plaintiff's Medical Assessment Report, dated April 29, 2013, that Plaintiff's "depression and anxiety frequently inhibit her ability to function on a reliable basis day to day." (Ex. 15F, R. at 344). Yet, Dr. Whitten's treatment notes from April 26, 2013 state that, "Patient has made great strides in developing adaptive coping mechanisms. She endorsed fewer anxiety episodes and fewer panic attacks over time," and recommends only "monthly maintenance of medication management and psychotherapy." (Ex. 14F, R. at 317.) At an earlier treatment session, Dr. Whitten had noted of Plaintiff that: "Appearance: Patient is well developed, well nourished, in no apparent distress and with good attention to hygiene and body habits. General Behavior: Overt behavior and psychomotor activity is within normal limits. Mood: all right. Affect: Affect is full-ranged and appropriate." (Ex. 14F, R. at 318.)

The inconsistencies between Dr. Helsel and Dr. Whitten's Medical Assessment Reports and their treatment notes are substantial evidence supporting the ALJ's decision to attribute "little weight" to their opinions when making the RFC determination. As the ALJ properly considered such inconsistencies in reaching this administrative decision, it cannot be said that the ALJ's decision to attribute little weight to the opinions of Plaintiff's mental health treatment providers was erroneous. See Norris, 2014 WL 2612367, at *4.

With respect to Plaintiff's physical RFC, the ALJ concluded that treating physician Dr. Higgs-Shipman's "assessment is given little weight because it is no [sic] supported by the mild findings on physical examinations or by the conservative level of treatment (Exhibits 4F, 5F, and 16F)." (R. at 20.) While thus discrediting Dr. Higgs-Shipman's conclusions, the ALJ did not explain how Dr. Higgs-Shipman's conclusions were unsupported by Plaintiff's treatment history or how the physician's treatment was "conservative." In deciding not to give controlling weight to Dr. Higgs-Shipman's opinion as Plaintiff's treating physician, the ALJ should have more fully explained his decision, based upon substantial evidence and the factors provided in 20 C.F.R. §§ 404.1527(c)(1-6).[1] On remand, the ALJ should reevaluate Dr. Higgs-Shipman's opinion in light of the full record and explain why her opinion as treating physician should, or should not, be disregarded.

Second, Plaintiff argues that the ALJ failed to conduct a function-by-function analysis, as required by SSR 96-8p, in determining Plaintiff's mental RFC. (Pl.'s Mot. at 16-17.) Defendant asserts that an explicit function-by-function analysis is not required, so long as the ALJ "properly assesses a claimant's capacity to perform relevant work-related mental activities." (Def.'s Mot. at 14-15.) SSR 96-8p requires the ALJ to consider the functions outlined in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Those regulations direct the ALJ to consider, inter alia, an applicant's ability to "understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting." 20 CFR 404.1545(c). While the Fourth Circuit has rejected a per se rule requiring remand where the ALJ does not perform an explicit function-by-function analysis, the Court has found remand to be appropriate where it was "left to guess about how the ALJ arrived at his conclusions on [Plaintiff's] ability to perform relevant functions…" Mascio v. Colvin, 780 F.3d 632, 637 (4th Cir. 2015). Here, while the ALJ does discuss some medical evidence suggesting that Plaintiff would be able to function in the

---

[1] While the record (R. at 346-90) reflects what might reasonably be described as a "conservative" course of treatment, the ALJ does not explain what specific facts led him to that characterization.

workplace,[2] the opinion does not directly address the specific, work-related functions outlined in the regulations. Absent any such discussion, remand is appropriate. On remand, the ALJ should address how the mental assessments he cites correspond with the specific work-related functions outlined in 20 CFR 404.1545(c).

Finally, Plaintiff claims that the ALJ did not adequately evaluate Plaintiff's "moderate difficulties" in concentration, persistence, or pace, as required by Mascio v. Colvin. 780 F. 3d at 637-38. At step three of the sequential evaluation, the ALJ stated that, "With regard to concentration, persistence or pace, the claimant has moderate difficulties." (R. at 16.) As explained in Mascio, when an ALJ determines that a Plaintiff has a moderate limitation in concentration, persistence, or pace, the ALJ must explain why this limitation "does not translate into a limitation in [Plaintiff's] residual functional capacity." Mascio, 780 F. 3d at 638. While Mascio allows the ALJ to explain why difficulties in concentration, persistence, or pace identified at step three do not translate into limitations in the RFC, the Court there held that absent such an explanation, remand was necessary. Id. Here, while the ALJ did include limitations of "must avoid exposure to excessive smoke, dust, and fumes," "simple, repetitive work," and "must avoid close interaction with the public" in his RFC assessment, the ALJ did not discuss Plaintiff's "ability to stay on task." Id. Thus, the ALJ's failure to explain—or even mention—Plaintiff's previously identified difficulties in concentration, persistence, or pace is grounds for remand.

## III. Conclusion

For the reasons stated above, Plaintiff's Motion (ECF No. 15) is GRANTED IN PART and DENIED IN PART, Defendant's Motion (ECF No. 18) is DENIED, the Commissioner's denial of benefits is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

Very truly yours,

/s/

Beth P. Gesner
United States Magistrate Judge

---

[2] In particular, the ALJ notes that: "On examination, the claimant's psychomotor activity was normal and her speech was clear, coherent, and goal-directed. Her thoughts were spontaneous and appropriate. She did not exhibit abnormal or psychotic thoughts, perceptual disturbances, delusions, or suicidal thoughts. Her memory was intact. Her fund of knowledge and intelligence were grossly average. Her judgment and insight were good and her behavior was cooperative (Exhibit 6F, p. 3)." (R. at 18.)